**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT REAGAN,                : | |
|     Plaintiff,              : | CIVIL ACTION |
|                                  : | NO.: 99-5748 |
| VS.                              : | |
| MEISEL, ET AL.,                  : | |
|     Defendants,              : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
DALE MEISEL AND NANCY AFFLERBACH TO PLAINTIFF'S
ORIGINAL COMPLAINT AND TO PLAINTIFF'S AMENDED
MEMORANDUM OF JUNE 6, 2001**

     AND NOW COME, Defendants, Dale Meisel and Nancy Afflerbach, by and through counsel, HENRY S. PERKIN, ESQUIRE, Lehigh County Solicitor and STEPHEN M. VAN NATTEN, ESQUIRE, Deputy County Solicitor, and hereby aver the following:

**I.    ORIGINAL COMPLAINT**

1. It is denied that answering defendants have violated plaintiff's 8th Amendment rights. Strict proof is therefore demanded.

2. It is denied that plaintiff was assaulted by another inmate on November 5, 1999. Strict proof is therefore demanded. By way of further answer, answering defendants aver that it was the plaintiff that assaulted the other inmate.

3. After reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of plaintiffs averment alleging a "sustained injury." It is therefore denied.

4. It is denied that plaintiff made "repeated requests for protective custody."

5. It is denied that plaintiff informed defendants on "numerous occasions" for the need for protective custody or that his life was in danger.

6. It is denied that defendants failed to provide protective custody and that this culminated in plaintiff being assaulted.

7. It is denied that defendants failed to take reasonable steps to assure plaintiff's safety.

8. Plaintiff's contention that defendants acted under color of state law and therefore made plaintiff accessible to further assaults is denied. Strict proof is therefore demanded.

  **WHEREFORE**, answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

## II. PLAINTIFF'S AMENDED MEMORANDUM OF JUNE 6, 2001

1. Admitted.

2. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

3. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

4. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

5. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

6. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

7. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

8. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

9. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

10. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

11. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

12. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

13. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

14. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

15. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

16. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

17. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

18. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

19. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

20. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

21. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

22. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

23. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

24. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

25. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

26. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

27. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

28. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

29. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

30. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

31. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

32. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

33. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

34. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

35. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

36. Denied. Strict proof thereof is demanded at the time of trial, if relevant.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

1. The alleged deprivation of civil rights did not result from a breach of duty owed by the Defendants to the Plaintiff.

### **Second Affirmative Defense**

2. If the Plaintiff's allegations of facts as set forth in the Complaint are proven to be true at trial, all of which are expressly and repeatedly denied by the Defendants, then the Defendants acted unintentionally and with insufficient culpability to state a cause of action under any Federal civil rights statute or other statute.

### **Third Affirmative Defense**

3. At all times relevant hereto, the Defendants acted without malicious intent and in good faith with reasonable justification or belief in the legality and lawfulness of the actions.

### Fourth Affirmative Defense

4. At all times relevant hereto, the Defendants acted without malicious intent and in good faith, with reasonable justification or belief in the legality and lawfulness of their actions, and their actions were reasonable considering all the circumstances.

### Fifth Affirmative Defense

5. The Defendant's alleged actions or omissions were not the cause in fact or the proximate cause of the harm alleged by the Plaintiff.

### Sixth Affirmative Defense

6. The Defendants are vested with qualified immunity from the causes of action set forth by the Plaintiff.

### Seventh Affirmative Defense

7. The Plaintiff's injuries and damages, if any, were caused by the intervening and superseding negligence and acts or omissions of plaintiff or of third parties.

### Eighth Affirmative Defense

8. The injuries of which the Plaintiff complains were not proximately caused by the execution by the answering Defendants of any officially established governmental policy or practice.

### Ninth Affirmative Defense

9. Plaintiff's claim for punitive damages is insufficient as a matter of law.

### Tenth Affirmative Defense

10. Plaintiff's claim, to the extent it is based on the conditions of his confinement, is legally insufficient as answering Defendants neither knew of nor disregarded any excessive risk to Plaintiff's health or safety.

### Eleventh Affirmative Defense

11. The answering Defendants deny all allegations of liability set forth against the answering Defendants in the pleadings.

### Twelfth Affirmative Defense

12. Plaintiff's complaint fails to state a claim on which relief can be granted and is legally insufficient on its face by failing to establish the requisite level of injury.

### Thirteenth Affirmative Defense

13. Plaintiff's allegations, even if proven at trial, which Defendants deny in their entirety, fail to establish anything more than a de minimus injury and therefore are insufficient to support Plaintiff's complaint.

### Fourteenth Affirmative Defense

14. The injuries, if any, of which the Plaintiff complains were not proximately caused by the execution of the answering Defendants of any officially established governmental policy or practice.

**WHEREFORE**, answering Defendants demand that judgment be entered in their favor and against the Plaintiff.

Respectfully Submitted:
**COUNTY OF LEHIGH**
**Henry S. Perkin, Esquire**
Lehigh County Solicitor

Stephen M. Van Natten, Esquire
Deputy Solicitor – Lehigh County
Department of Law
17 South Seventh Street
Allentown, PA 18101-2400
(610)-782-3180
Attorney for Defendants
ID # 68784

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT REAGAN,                             : | |
|      Plaintiff,               : | CIVIL ACTION |
|                    : | NO.: 99-5748 |
| VS.                                         : | |
|                    : | |
| MEISEL, ET AL,                              : | |
|      Defendants,             : | |

### CERTIFICATE OF SERVICE

I, **STEPHEN M. VAN NATTEN, ESQUIRE**, Deputy County Solicitor, hereby certify that I served the foregoing Answer and Affirmative Defenses of Defendants Dale Meisel and Nancy Afflerbach to Plaintiff's Original Complaint and to Plaintiff's Amended Memorandum of June 6, 2001 on the following person(s) by First Class Mail this 2nd day of May, 2003:

Robert Reagan
State Correctional Facility – Houtzdale
PO Box 1000
Houtzdale, PA 16698-1000
Inmate Number ED0188


                                              COUNTY OF LEHIGH
                                              DEPARTMENT OF LAW


                    BY:  _____
                            **Stephen M. Van Natten, Esquire**
                            Deputy County Solicitor
                            I.D. # 68784